United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50840
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES RONNIE STEPAN, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-30-3
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James Ronnie Stepan, Jr., appeals his sentence following his guilty-plea conviction for conspiring to manufacture methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 846. He argues that there was insufficient evidence to support the district court's determination that cash found on his property was drug-sales proceeds. Thus, he argues that the district court erred by converting the cash into an amount of methamphetamine for which to hold him responsible.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's determination of the amount of drugs attributable to a defendant for sentencing purposes is a finding of fact that this court generally reviews for clear error. United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998). Further, this court defers to the district court's superior position in making credibility determinations. United States v. Perez, 217 F.3d 323, 331-32 (5th Cir. 2000). Given due regard to the opportunity of the district court to judge the credibility of the witnesses, we conclude that Stepan has not shown that the district court clearly erred in determining the amount of drugs involved in the conspiracy.

Stepan also argues that a two-level increase in his base offense level was erroneously awarded for his release of anhydrous ammonia. Stepan argues that anhydrous ammonia is not a hazardous substance under U.S.S.G. § 2D1.1(b)(5)(A). Because Stepan did not raise this argument below, we review for plain error. See United States v. Sneed, 63 F.3d 381, 390 (5th Cir. 1995).

The two level increase applies to any discharge, emission, or storage violation covered by certain federal statutes, including the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9603(b). U.S.S.G. § 2D1.1, comment. (n.19). Ammonia is listed in the hazardous materials table of substances regulated under CERCLA. 49 C.F.R. § 172.101, App. A (Table). Thus, Stepan has not shown that the district court plainly erred; its judgment is AFFIRMED.

2